UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DAVID LEPRE,

       Plaintiff,

v.                    1:13-CV-0926
                     (GTS/CFH)
NEW YORK STATE INSURANCE FUND; THE
UNITED STATES. INC.; and THE STATE OF
NEW YORK,

       Defendants.[1]
_____

APPEARANCES:             OF COUNSEL:

JOHN DAVID LEPRE
 Plaintiff, *Pro Se*
1475 Orphan School Road
Kingsley, PA 18826

HON. ERIC T. SCHNEIDERMAN       ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
 Counsel for Defendants, New York State
 Insurance Fund and the State of New York
The Capitol
Albany, NY 12224-0341

HON. RICHARD S. HARTUNIAN       WILLIAM F. LARKIN, ESQ.
 United States Attorney for the N.D.N.Y.
 Counsel for Defendants, The United States, Inc.
James Hanley U.S. Courthouse
100 South Clinton Street
Syracuse, NY 13261-7198


GLENN T. SUDDABY, United States District Judge

---

[1]   The United States Attorney General is erroneously listed as a defendant on the docket in this matter. The Clerk of the Court is directed to amend the docket, accordingly.

## DECISION and ORDER

Currently before the Court in this action filed by *pro se* plaintiff, John David Lepre ("Plaintiff") against the three above-named government entities are (1) a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief can be granted by defendants, New York State Insurance Fund and the State of New York ("the State Defendants") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Dkt. No. 10); (2) a motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted by defendant, the United States, Inc. ("United States") pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Dkt. No. 19); (3) a motion by Plaintiff to identify Defendants as corporate entities (Dkt. No. 37); (4) a motion by Plaintiff for sanctions against Defendants (Dkt. No. 45); (5) a letter motion by Plaintiff seeking the status of the pending motions to dismiss (Dkt. No. 46); and (6) Plaintiff's motion for judgment on the pleadings and/or for summary judgment (Dkt. No. 47). For the reasons set forth below, Defendants' motions to dismiss are granted and Plaintiff's motions are denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

This action was commenced on August 5, 2013 with the filing of Plaintiff's "Petition for Judicial Review" of a denial of Plaintiff's claim for damages presented to the Environmental Protection Agency ("EPA"). (Dkt. No. 1 [Pl.'s Compl.].) Plaintiff's claim to the EPA is related to the New York State Department of Environmental Conservation's ("DEC") enforcement of a requirement that Plaintiff obtain a permit in order to continue quarry related work on certain property in Chenango County, New York ("the subject property"). (*Id*.) Plaintiff further challenges the legality of a September 17, 2009 Judgment of New York State Supreme Court

2

Justice Kevin M. Dowd that, among other things, prohibited Plaintiff from engaging in any mining activities at the subject property and ordered Plaintiff to obtain a permit or to commence and complete reclamation of the site. Plaintiff seeks damages as well as a declaratory judgment from this Court that Defendants "violated the Laws of the United States and the Private Property Rights and Common Law Rights of" Plaintiff. (*Id*.)

Plaintiff's claim before the EPA, dated September 4, 2012, seeks damages related for "tortious interference with prospective advantage" stemming from an alleged injury that occurred on February 21, 2006 through "present" resulting from DEC officers entering the subject property in order to compel the cessation of work on the property until a permit was obtained. (Dkt. No. 1-2, at 4.) On January 15, 2013, the EPA denied Plaintiff's claim for failure to state a claim for which relief is available under the Federal Tort Claims Act ("FTCA") and advised Plaintiff that he may "file suit in the appropriate U.S. District Court no later than six months from the date of" its denial. (*Id*., at 15.) Rather than commence an action in U.S. District Court, Plaintiff sent a "Notice of Appeal" to the EPA on January 22, 2013, which the EPA treated as a request for reconsideration of its January 15, 2013 denial of Plaintiff's claim. (*Id*., at 16, 18.) On February 19, 2013, the EPA upheld its January 15, 2013 decision "pertain[ing] to [Plaintiff's] quarry activities" due to Plaintiff's failure to state a claim for relief that is available under the FTCA. (*Id.*, at 18.) The EPA again advised Plaintiff of his right to seek judicial review no later than six months from its February 19, 2013 decision denying Plaintiff's claim.

### B. Defendants' Motions

#### 1. State Defendants' Motion to Dismiss

Generally, in support of their motion to dismiss Plaintiff's Complaint, the State Defendants assert the following four arguments: (1) the State Defendants have not consented to suit or waived their sovereign immunity and therefore, Plaintiff's claims against them are barred under the Eleventh Amendment; (2) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (3) Plaintiff has failed to properly serve the State Defendants and therefore, Plaintiff's complaint must be dismissed for lack of personal jurisdiction; and (4) Plaintiff fails to allege any wrongdoing by the State or its officers and therefore Plaintiff has not stated a claim against the State Defendants upon which relief can be granted. (*See generally* Dkt. No. 10-1.)

Generally, liberally construed, in response to the State Defendants' motion to dismiss, Plaintiff asserts the following four arguments: (1) the State is barred by the doctrine of laches and/or collateral estoppel from re-litigating this case; (2) the *Rooker-Feldman* doctrine is misapplied to this case because Plaintiff's rights were violated under laws enforced by the State Defendants; (3) Plaintiff has a right to amend, supplement, and/or repair his pleadings before the Court dismisses any of his claims; and (4) the State Defendants are private business entities and are not protected by sovereign immunity. (*See generally* Dkt. No. 11.)

#### 2. United States' Motion to Dismiss

Generally, in support of its motion to dismiss Plaintiff's Complaint, the United States asserts the following two arguments: (1) Plaintiff's complaint against the United States must be dismissed because (a) it is barred by the statute of limitations under the jurisdiction requirements of the FTCA and (b) the FTCA does not waive the sovereign immunity of the United States for

claims regarding the interference with contractual rights; and (2) Plaintiff's complaint fails to state a claim upon which relief can be granted against the United States because Plaintiff fails to allege any wrongdoing by an employee of the United States acting within the course and scope of his or her employment. (*See generally* Dkt. No. 19-2.)

Generally, liberally construed, in response to the United States' motion to dismiss, Plaintiff asserts the following six arguments: (1) the United States is barred by the doctrine of laches and/or collateral estoppel from re-litigating this case; (2) the United States is a private business entity and is not protected by sovereign immunity; (3) Plaintiff has a right to amend, supplement, and/or repair his pleadings before the Court dismisses any of his claims; (4) Plaintiff's administrative claim was timely as the deprivations of his rights are ongoing; (5) Plaintiff did not have a contractual relationship with the United States and therefore, the United States' argument that the FTCA does not waive its sovereign immunity is based on a misrepresentation of fact; and (6) under the doctrine of agency, the actions of New York State officials binds the United States and therefore, Plaintiff has stated a claim against the United States. (*See generally* Dkt. No. 33.)

Generally, in reply to Plaintiff's response the United States asserts the following two arguments: (1) Plaintiff failed to timely file an administrative claim under the FTCA and therefore, this Court lacks subject matter jurisdiction over this action against the United States; and (2) an amendment of the complaint will not cure the jurisdictional deficit and therefore, any request for leave to amend should be denied as futile. (*See generally* Dkt. No. 34.)

### C. Plaintiff's Motions

Generally, in support of his motion to identify the Defendants as corporate entities, Plaintiff argues that such a determination will establish that none of the Defendants have sovereign immunity. (*See generally* Dkt. No. 37)

Generally, in support of his motion for sanctions against Defendants, Plaintiff argues that Defendants are delaying this action in order to manipulate the Court into dismissing the action for failure to prosecute under Local Rule 41.2. (*See generally* Dkt. No. 45).

Generally, in support of his letter motion for status of the pending motions to dismiss, Plaintiff contends that he did not consent to any indefinite period of adjournment of the hearings on these motions. (*See generally* Dkt. No. 46).

Generally, in support of his motion for judgment on the pleadings and/or for summary judgment, Plaintiff asserts, in addition to those arguments previously advanced in support of his opposition to the Defendants' motions to dismiss, that there are no questions of fact to be decided as the Defendants have admitted Plaintiff's asserted facts by their silence. (*See generally* Dkt. No. 47).

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Dismissal for Failure to State Claim

It has long been understood that a complaint may be dismissed for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34(1)(b) at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.

2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-83, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 556-70, 127 S. Ct. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean the pleading must contain at least "some factual allegation[s]." *Id*. at 555, 127 S. Ct. at 1965, n.3. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 554, 127 S. Ct. at 1965.[2]

---

[2] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*., at 678, 129 S. Ct. at 1949.

---

pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

9

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12. *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases). Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. *See Vega,* 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases). Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28.

A few words are appropriate regarding what documents are considered when deciding whether a complaint must be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The court may consider the following documents without triggering the summary judgment standard: "(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference into the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *Planck v. Schenectady Cnty.*, No. 12-CV-0336, 2012 WL 1977972, at *5 (N.D.N.Y. June 1, 2012) (Suddaby, J.).

B.      **Legal Standard Governing Dismissal for Lack of Subject Matter Jurisdiction**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving whether to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). When a court evaluates whether to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

C.      **Legal Standard Governing Motions to Amend or Supplement a Complaint**

A motion for leave to amend a complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir.1993). Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint should be freely given in the absence of any apparent or declared reason to not grant leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *See Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1 Hous.*, 608 F.2d 28, 42 (2d Cir.1979); *Meyer v. First Franklin Loan Servs, Inc.*, No. 08-CV-1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010); *Jones v. McMahon*, No. 98-CV-0374, 2007 WL 2027910, at *10 (N.D.N.Y. July 11, 2007).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 333 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir.2002)).  Therefore a proposed amendment is not futile if it states a claim upon which relief can be granted.  *See id.* (citations omitted).

Rule 15(d) of the Federal Rules of Civil Procedure provides that a party must obtain leave from the court to supplement a pleading setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented.  Rule 15(d) allows a party to supplement the complaint in order to present subsequent material that is related to the claims presented in the original complaint.  *See Labarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 284 (E.D.N.Y. 2013) (citing *Argus, Inc. v. Eastman Kodak Co.*, 552 F. Supp. 589, 602 (S.D.N.Y.1982) (citing 3 Moore's Federal Practice ¶ 15.16[1], at 15176 (2d ed.1982))).  Matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading.  *See* 3 Moore's Federal Practice ¶ 15.16[3], at 15183 (2d ed.1989).  As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion is within the sound discretion of the district court.  *See id.*

### D. Legal Standards Governing Plaintiff's Claims

#### 1. FTCA

Generally, the FTCA permits private citizens to recover damages for injuries allegedly caused by the negligence of government employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). That being said, the United States is generally immune from suit. *See United States v. Bormes*, 568 U.S. —, —, 133 S. Ct. 12, 16 (2012) ( "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011 (1992))). Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees" while acting within the scope of their employment. *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 217, 128 S. Ct. 831 (2008). However, the FTCA exempts from this waiver certain categories of claims. *See* 28 U.S.C. § 2680(a)-(n). Included among these exemptions is "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. §§ 2680(h). Thus, if a claim asserted by a plaintiff is subject to exemption from the FTCA, this Court lacks subject matter jurisdiction to hear it. *See Vitrano v. United States*, No. 06-CV-6518, 2008 WL 1752221, at *4 (S.D.N.Y. Apr. 16, 2008).

Moreover, "the FTCA's limited waiver of the United States' sovereign immunity against tort claims requires a plaintiff to "comply with several strictly construed prerequisites.'" *Goldblatt v. Nat'l Credit Union Admin.*, 502 F. App'x 53, 55 (2d Cir. 2012) (quoting *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir.1999)). First, the FTCA provides that "[a] tort

claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Kronisch v. United States*, 150 F.3d 112, 120-121 (2d Cir. 1998) (quoting 28 U.S.C. § 2401(b)). Next, under the FTCA, a plaintiff must file his or her claim against the United States "within six months after the date of mailing ... of final denial of the claim by the agency to which it was presented." *Goldblatt*, 502 F. App'x at 55 (quoting 28 U.S.C. § 2401(b)). Also, an FTCA claim must be filed with the court within six years of its accrual. *See* § 2401(a). A plaintiff's FTCA claim accrues at the time of injury. *See Barrett v. United States*, 689 F.2d 324, 327 (2d Cir.1982).

In suits under the FTCA, "the court [is] to apply the substantive law of the place where the events occurred," here, New York. *Farag v. United States*, 587 F. Supp. 2d 436, 451 (E.D.N.Y.2008) (quoting *Castro v. United States*, 34 F.3d 106, 110 (2d Cir.1994)). Under New York common law, in order to prevail on a claim for tortious interference with prospective advantage, also known as tortious interference with business relations,[3] "a party must prove that (1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Vitrano,* 2008 WL 1752221, at *4 (quoting *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir.2004) (footnote omitted)).

---

[3] *See Lombard v. Booz-Allen & Hamilton, Inc.,* 280 F.3d 209, 214 (2d Cir.2002); *Goldhirsh Group, Inc. v. Alpert*, 107 F.3d 105, 108-109 (2d Cir.1997). *See also El Greco Leather Prods. Co. v. Shoe World, Inc.*, 623 F. Supp. 1038, 1044 (E.D.N.Y.1985).

14

## III. ANALYSIS

### A. Plaintiff's Claims Against the New York State Defendants Must Be Dismissed

Plaintiff's claims against the State of New York and the New York State Insurance Fund must be dismissed, generally for the reasons asserted by those defendants in their memorandum of law. (*See* Dkt. No. 10-1 [State Defs.' Mem. of Law].) The Court would only add the following three points.

First and foremost, the State Defendants have sovereign immunity from suits such as this one. Under the Eleventh Amendment, "states and their agencies are immune from suits brought by private parties in federal court, unless Congress 'unequivocally expresses its intent' to abrogate that immunity and 'acts pursuant to a valid exercise of power,' or a state waives its immunity." *Cruz v. New York*, — F. Supp. 2d —, —, 2014 WL 2547516, at *4 (W.D.N.Y. 2014) (quoting *In re Charter Oak Assocs.* ., 361 F.3d 760, 765 (2d Cir.2004) (internal quotations and citation omitted)). Moreover, this jurisdictional bar applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276, 106 S. Ct. 2932 (2d Cir.1986). Congress has not expressed the intent to allow Plaintiff to sue the State of New York and the State of New York has not waived its immunity. Therefore, on this basis alone, Plaintiff's complaint against the State Defendants must be dismissed for lack of subject matter jurisdiction.

Second, to the extent Plaintiff seeks relief from this Court that implicates the February 11, 2009 Order and/or the September 17, 2009 Judgment of the State of New York Supreme Court, Chenango County regarding his failure to obtain a permit to continue his activities on the subject property, Plaintiff's complaint against the State Defendants must be dismissed under the *Rooker-Feldman* doctrine. Under 28 U.S.C. § 1257, the United States Supreme Court has

exclusive appellate jurisdiction to reverse or modify a judgment by a state's highest court. The *Rooker-Feldman* doctrine provides that losing parties in state court cannot bring a claim in federal district court to review and reject a judgment by the state court. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Claims brought in district court in violation of the *Rooker-Feldman* Doctrine are properly dismissed for lack of subject matter jurisdiction. *Exxon Mobile Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine extends to claims that are "inextricably intertwined" with issues already settled in state court. *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29 (2d Cir.2003) (holding that any claim that directly implicates a final judgment in state court is barred by *Rooker-Feldman* ). Therefore, on this basis alone, Plaintiff's complaint against the State Defendants must be dismissed for lack of subject matter jurisdiction.

Finally, Plaintiff's complaint fails to allege any facts that, assumed true, would plausibly state a cause of action against the State Defendants. On this basis alone, Plaintiff's complaint against the State Defendants must be dismissed for failure to state a claim upon which relief can be granted.

For all of these reasons, the State Defendants' motion to dismiss the complaint against them is granted.

### B. Plaintiff's Claims Against the United States Must Be Dismissed

Plaintiff's claims against the United States must be dismissed, generally for the reasons asserted by the United States in its memorandum of law. (*See* Dkt. No. 19-2 [United States' Mem. of Law].) The Court would only add the following three points.

First, the United States correctly points out that Plaintiff's claim is untimely. Plaintiff's administrative claim was filed on September 4, 2012, which is more than two years after its accrual date of February 21, 2006. Consequently, Plaintiff's claim is untimely pursuant to 28 U.S.C. § 2401(b). Plaintiff's counter argument that his injury began on February 21, 2006 and is continuing to this day may be liberally construed as an argument that a continuing violation theory applies to the statute of limitations under the FTCA and that therefore, his claim is timely. However, as indicated in Point II.D.1. of this Decision and Order, courts must apply New York tort law when deciding claims under the FTCA. Here, New York common law does not recognize tortious interference with prospective advantage as a continuing tort for purposes of accrual of the statute of limitations. *See Spinap Corp., Inc. v. Cafagno*, 756 N.Y.S.2d 86, 87, 302 A.D.2d 588, 588 (N.Y. App. Div. 2003) (citing *Bloomfield Bldg. Wreckers, Inc. v. City of Troy*, 364 N.E.2d 1130, 1131, 41 N.Y.2d 1102, 1103, 396 N.Y.S.2d 359, 360 (N.Y. 1977)). Therefore, for this reason alone, Plaintiff's complaint against the United States must be dismissed for lack of subject matter jurisdiction.

Second, this court lacks subject matter jurisdiction of Plaintiff's claim against the United States because Congress has not waived the sovereign immunity of the United States in claims for, as here, interference with contract rights. *See Vitrano*, 2008 WL 1752221, at *4 (citing 28 U.S.C. § 2680(h); *Chen v. United States*, 854 F.2d 622, 628, n.2 (2d Cir. 1988)). Therefore, for this reason alone, Plaintiff's complaint against the United States must be dismissed for lack of subject matter jurisdiction.

Third, and finally, Plaintiff fails to allege any wrongdoing on the part of any employee or agent of the United States that would give rise to any cause of action. For this reason alone,

Plaintiff's claims against the United States must be dismissed for failure to state a claim upon which relief can be granted.

For these reasons, the United States' motion to dismiss the complaint against it is granted.

**C.     Whether the Court Should Give Plaintiff an Opportunity to Further Amend His Complaint Before Dismissing Any of His Claims**

Liberally construed, Plaintiff's opposition papers are interpreted to seek leave to amend his complaint in order to repair any deficiencies. For the following reasons, Plaintiff's request for leave to file a motion to amend his complaint is denied.

Generally, when a district court dismisses a *pro se* action, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where, as here, the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable

to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted).

Moreover, this rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1. While the special leniency afforded to *pro se* litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8 are procedural rules that even *pro se* civil rights plaintiffs must follow.

For these reasons, Plaintiff will not be given leave to amend his Complaint. Plaintiff's claims are dismissed with prejudice.

### D. Plaintiff's Remaining Motions Must Be Denied

Remaining for this court's consideration are Plaintiff's motions for an Order (1) identifying Defendants as corporate rather than government entities; (2) sanctioning Defendants for delaying this action; (3) granting Plaintiff judgment on the pleadings, or, in the alternative, summary judgment; and (4) providing the status of this action.

Because the court grants Defendants' respective motions to dismiss Plaintiff's complaint with prejudice, Plaintiff's motion for an Order identifying Defendants as corporate entities is denied as moot. In any event, the relief Plaintiff seeks in this regard has no basis in law or fact and is therefore, frivolous.

Plaintiff's motion for sanctions against Defendants is denied as it has no basis in law or fact and is therefore, frivolous.

19

Plaintiff's motion for status of this action is denied as moot.

Finally, Plaintiff's motion for judgment on the pleadings and/or for summary judgment is denied. As indicated above in Points III.A through III.C of this Decision and Order, Plaintiff's claims against the Defendants are dismissed with prejudice and any amendment would be futile.

For these reasons, each of Plaintiff's motions is denied.

**ACCORDINGLY,** it is

**ORDERED** that the motion to dismiss the complaint by defendants New York State Insurance Fund and State of New York (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the motion to dismiss the complaint by defendant United States (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motions (Dkt. Nos. 37, 45, 46 and 47) are **DENIED**; and it is further

**ORDERED** that, the Court having reviewed Plaintiff's Complaint and having concluded that there is no basis in law or fact for any of Plaintiff's claims and that leave to re-plead would be futile, Plaintiff's Complaint as against all defendants (Dkt. No. 1) is **DISMISSED** in its entirely **with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket in this case to reflect that the United States Attorney General is not a named defendant in this action.

Dated: August 18, 2014
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge