UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DAVID LEPRE,

                            Plaintiff,

v.                                                    1:13-CV-0926
                                                      (GTS/CFH)
NEW YORK STATE INSURANCE FUND; THE
UNITED STATES; and THE STATE OF
NEW YORK,

                            Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

JOHN DAVID LEPRE
   Plaintiff, *Pro Se*
1475 Orphan School Road
Kingsley, PA 18826

HON. ERIC T. SCHNEIDERMAN                             ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York            JAMES B. McGOWAN, ESQ.
   Counsel for Defendants, New York State
   Insurance Fund and the State of New York
The Capitol
Albany, NY 12224-0341

HON. RICHARD S. HARTUNIAN                             WILLIAM F. LARKIN, ESQ.
   United States Attorney for the N.D.N.Y.
   Counsel for Defendants, The United States
James Hanley U.S. Courthouse
100 South Clinton Street
Syracuse, NY 13261-7198


GLENN T. SUDDABY, United States District Judge


## **ORDER**

        Currently before the Court in this action filed by *pro se* plaintiff, John David Lepre

("Plaintiff") against the three above-named government entities are (1) a motion for relief from

this Court's August 18, 2014 Judgment ("the Judgment") pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (Dkt. No. 52); (2) a letter requesting entry of default against defendants (Dkt. No. 54); and (3) a letter motion requesting a three-judge court (Dkt. No. 59) by Plaintiff. For the reasons set forth below, each of Plaintiff's motions are denied.

## I.     RELEVANT BACKGROUND

On December 18, 2014, this Court issued a Decision and Order granting motions to dismiss Plaintiff's complaint by defendants New York State Insurance Fund and State of New York (Dkt. No. 10) and by defendant United States (Dkt. No. 19) and denying motions by Plaintiff for an Order (1) identifying Defendants as corporate rather than government entities; (2) sanctioning Defendants for delaying this action; (3) granting Plaintiff judgment on the pleadings, or, in the alternative, summary judgment; and (4) providing the status of this action (Dkt. Nos. 37, 45, 46 and 47). The Court further concluded that, because there is no basis in law or fact for any of Plaintiff's claims, leave to re-plead would be futile. Therefore, the Court dismissed Plaintiff's Complaint as against all Defendants with prejudice. (*See* Dkt. No. 48.) Consequently, Judgment was entered against Plaintiff in favor of Defendants. (*See* Dkt. No. 49.)

Familiarity with the underlying Decision and Order is presumed. *See Lepre v. New York State Ins. Fund*, No. 13-CV-0926, 2014 WL 4093658 (N.D.N.Y. Aug. 18, 2014).

### A.     Plaintiff's Rule 60 Motion

Generally, liberally construed, in support of his motion for relief from the Judgment, Plaintiff argues that the Judgment is void because this Court committed judicial misconduct by (1) failing to convene a panel of three judges and (2) acting outside of its jurisdiction as an Article I Court in dismissing the complaint with prejudice. (*See generally* Dkt. No. 52.)

Generally, in response to Plaintiff's motion, defendant United States asserts the following two arguments. First, the United States argues, Plaintiff fails to make a colorable argument for relief under Fed. R. Civ. P. 60(b). Second, and finally, the United States argues, Plaintiff is not entitled to a three-judge panel. (*See generally* Dkt. No. 53.) The New York State defendants join in the United States' response, but add that this Court's decision to dismiss Plaintiff's complaint was proper for all of the reasons set forth in its Decision and Order. (*See generally* Dkt. No. 56.)

### B. Plaintiff's Additional "Motions"

Generally, liberally construed, Plaintiff requests an entry of default against the Defendants because their responses to his Rule 60 motion were not timely filed. (*See generally* Dkt. No. 56.)

Plaintiff's subsequent "letter motion," filed after the Defendants filed their responses to Plaintiff's Rule 60 motion, is entitled, "Demand for Article III Court" and includes Plaintiff's notices to Defendants that their respective "out of time" responses are being returned. (*See generally* Dkt. No. 59.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions for Relief From Judgment

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment or order for various reasons, including, among others, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . .; or (4) the judgment is void[.]" Fed. R. Civ. P. 60(b). The standard for granting such a motion is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A motion for relief from judgment "should not be granted where the moving party seeks solely to relitigate an issue

already decided." *Shrader*, 70 F.3d at 257.  Furthermore, such a motion is not to be used for

"presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

'second bite at the apple'...."  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998).

    **B.**    **Legal Standard for Convening a Three-Judge Court**

    By statute, "[a] district court of three judges shall be convened when otherwise required

by Act of Congress, or when an action is filed challenging the constitutionality of the

apportionment of congressional districts or the apportionment of any statewide legislative body."

28 U.S.C. § 2284(a).  When an application for a three-judge panel is presented to the district

court, the court must determine whether constitutional claim is substantial; whether the

complaint alleges a basis for equitable relief; and whether the cases as presented otherwise

comes

within the statutory requirements.  *See Loever v. Spargo*, 144 F. App'x 168, 170 (2d Cir. 2005)

(citing *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715, 82 S. Ct. 1294 (1962)

(discussing a prior version of section 2284))).

**III.**    **ANALYSIS**

    Plaintiff's motion for relief from the Judgment is denied, generally for the reasons cited

by the United States in its memorandum of law.  (*See* Dkt. No. 53 [United States' Opp'n Mem.

of Law].)  The Court would only add the following two points.

    First, plaintiff has cited no reason for this Court to convene a three-judge panel. There is

no claim involving apportionment of constitutional districts or statewide legislative bodies.

Moreover, the Federal Tort Claims Act, pursuant to which Plaintiff's underlying claims were

brought, does not require a three-judge panel.  Thus, plaintiff's "demand" for a three judge

panel is not supported by law.

Second, Plaintiff's motion for relief from the Judgment has no arguable legal or factual basis and is therefore, frivolous. By way of example, Plaintiff's argument that this Court is an Article I Court and therefore usurped its power and committed a "federal crime" and "act of misconduct" by failing to convene a three-judge panel and by dismissing Plaintiff's claims with prejudice is clearly false and objectively frivolous. Plaintiff is cautioned that any further frivolous filings in this Court may result in this Court issuing an Order to Show Cause why Plaintiff should not be barred from filing any further documents or motions in this action without first obtaining leave of the Court.

For these reasons, Plaintiff's motion for relief from the Judgment is denied.

Plaintiff's remaining motions are likewise denied because they lack an arguable basis in law or fact for the following two reasons.

First, Plaintiff's letter request for entry of "default" cites defendants' failure to timely respond to his Rule 60 motion as the factual basis upon which he is entitled to a default judgment. By this Court's September 4, 2014 Notice, which was delivered to Plaintiff by regular mail, defendants' responses to Plaintiff's motion were due on or before September 29, 2014. The United States filed its response on September 26, 2014 and the New York State defendants filed their response on September 29, 2014. Accordingly, the defendants' responses were, in fact, timely.

Second, entry of default is only appropriate "[w]hen a party against whom judgment for affirmative relief is sought has failed to please or otherwise defend," which is clearly not the case here. Fed. R. Civ. P. 55(a). *See also Johnson v. Wolan*, No. 10-CV-1622, 2010 WL 5076821, at *3 (S.D.N.Y. Dec. 13, 2010) (the filing of a motion to dismiss falls squarely within the ambit of the phrase "otherwise defend") (citing *In re Sumitomo Copper Litigation*, 204 F.R.D. 58, 61 (S.D.N.Y. 2001) (internal quotation marks omitted)).

For these reasons, each of Plaintiff's motions is denied.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for relief from the August 18, 2014 Order and Judgment (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter request for an entry of default (Dkt. No. 54) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter motion for an Article III Court (Dkt. No. 59) is **DENIED**.

Dated: December 2, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge